[No. 6,341.—In Bank.]

## ALTSCHUL *v.* DOYLE Sr. et al.
## ALTSCHUL *v.* POLACK et al.

Estoppel — Former Judgment — Landlord and Tenant. — If a landlord defends for and in the name of his tenant, and puts his title in issue in aid of the tenant's right of possession, a judgment against the tenant is a bar to a subsequent action by the landlord against the party recovering the judgment. But it must appear that the subject-matter or question was not only the same, but that it was submitted on the merits, and actually passed upon by the Court.

Id.—Id.—Id.— Accordingly, in an action of ejectment, where there was a plea of a former judgment in favor of defendant against plaintiff's tenant, and it appeared that the plaintiff was originally a party defendant, and conducted the defense, but that on the close of the testimony, on motion of the former plaintiff, the suit was dismissed as to him, and his deraignment of title stricken out, and that the Court refused to permit the defendants to show that they were his tenants, and to justify under his title: *Held*, that there was no estoppel, and that it made no difference that the rulings of the Court were erroneous, and that an appeal might have been taken.

Id.—Id.—Id.— Statute of Limitations — Adverse Possession. — In an action to establish an involuntary trust as to real estate against Mary P., and to compel a conveyance of the legal title, it appeared that the cause of action accrued more than eight years before the commencement of the action, but that the plaintiff was at that time in the possession of the land by his tenant, and remained so until about December, 1867, at which time the defendant entered upon the land by collusion with the tenant, and thenceforth claimed to hold adversely. *Held*, upon a plea of the Statute of Limitations, that the plaintiff was not barred.

Appeals, in two cases, from judgments in favor of plaintiff, and orders denying new trials, in the Twelfth District Court, City and County of San Francisco. Daingerfield, J.

In the lower Court, the two cases (numbered respectively 14,113, and 18,502) were, by consent, tried together, it being stipulated that the testimony and proceedings should apply to both cases as far as applicable.

Case No. 14,113 was an action of ejectment (commenced April 17th, 1868) against Mary Polack, Joel Polack her husband, James Doyle Sr., and two of her tenants, and other defendants who disclaimed.

Case No. 18,502 was an action (commenced Dec. 9th, 1874) by the same plaintiff against Mary Polack and her husband, to establish an involuntary trust against her as to a portion of

the land in question in the ejectment suit, and to compel her to convey the legal title.

CASE No. 14,113.—In this suit the Court finds that at, and for a long time prior to, the commencement of the suit, the plaintiff was seized of the land in question, and that the defendants entered and ousted him, and ever since have continued to withhold the said land from the plaintiff. On the trial, the plaintiff proved a prior possession and ouster by the defendants. The defendants' case rested upon the alleged estoppel of a former judgment. With regard to this the facts are stated in the opinion.

CASE No. 18,502.—In this suit the Court finds to the following effect: ·

In 1861, Joel Polack purchased the land described in the complaint, and caused the legal title to be conveyed to one Breed, in secret trust for his own benefit, and with intent to hinder, delay, and defraud creditors. In April, 1863, at the request of Polack, Breed conveyed the land, upon the same trusts, to Bryan. In June, 1863, one Ford became the owner of Joel Polack's interest by a sheriff's deed, made in pursuance of a sale under an execution against the said Joel; and in 1865, conveyed to the plaintiff. In 1866, Bryan conveyed to the defendant Mary Polack, who took with notice of the facts. On November 27th, 1867, Joel and Mary Polack conveyed a portion of the land in question to James Doyle Sr., upon the sole consideration that he, and his wife, and James Doyle Jr. (his son)—then the tenant of said plaintiff in possession of said lands—would collusively and fraudulently let the Polacks into possession of said land in fraud of the plaintiff, and he took the conveyance with intent to defraud the plaintiff.

James Doyle Jr. entered into possession of the land in question in 1862, as tenant of the grantors of the plaintiff, and has remained in possession, as tenant of said grantors and the plaintiff, ever since, and has never surrendered or delivered up the possession; and the defendants, by fraud and collusion with the said tenant, and with knowledge of the rights of the plaintiff, have been by him let into possession of the premises with him.

The plaintiff and his predecessors have been in possession of

the land in question since October 7th, 1862, and the defend-
ants have not been in adverse possession for five years before
the commencement of the suit.

With regard to the circumstances under which the defend-
ants entered, and the nature of their subsequent possession, it
appeared from the evidence that on November 23rd, 1867, a
notice to quit was served upon the Doyles by the plaintiff, and
that, shortly afterward, Mary Polack made an arrangement with
James Doyle Sr., that he should have a fifty-vara lot in the
land, and should convey the balance to Mrs. Polack, which was
done accordingly; that in consequence of this arrangement, the
Doyles delivered possession to the Polacks, and quit the prem-
ises, but shortly afterward returned, and continued to occupy a
portion of the land under the new arrangement.   It is stated in
the statement that " the defendant Mary Polack, and James
Doyle Sr., offered testimony showing that from November,
1867, they had been in possession of the premises, holding
against the plaintiff and his associates."   It also appeared that
plaintiff's agent, Lynch, had notice of these facts, and he testi-
fied that after this the possession of the Doyles was regarded
" by us" as hostile.

*Walter Van Dyke*, for Appellants.

The first action (No. 14,113) is barred by *res judicata.*   The
evidence is conclusive that Altschul defended the action in the
Fourth District Court for James Doyle Jr. and his mother, as
their landlord.   He and his associate, Lynch, had the entire
management. of the case, and the Doyles did not take any part
in the defense.   The action was properly dismissed as to Alt-
schul, under the practice then—he being out of actual posses-
sion; and it was in the discretion of the Court to refuse to open
the case, after he had closed, to allow him to prove the relation-
ship of landlord and tenant.   Whether the Court properly exer-
cised its discretion, or whether the decision was erroneous,
makes no difference.   Altschul had his day in court, and took no
appeal. ( *Valentine* v. *Mahoney*, 37 Cal. 389; *Gray* v. *Dough-
erty*, 25 id. 266; *Morenhout* v. *Higuera*, 32 id. 293; *Reynolds* v.
*Harris*, 14 id. 678; *Barnum* v. *Reynolds*, 38 id. 646; *Calder-*

*wood* v. *Brooks*, 28 id. 151; *Caperton* v. *Schmidt*, 26 id. 479; *Davis* v. *Perley*, 30 id. 634.)

The second action (No. 18,502) is barred by the Statute of Limitations. The plaintiff admits, in his other action, being ousted November 23rd, 1867, and the testimony on the trial of this shows that since that time defendants, Messrs. Polack and Doyle Sr., have held adverse possession, under the legal title, which the plaintiff now seeks to have transferred to him. The equity under which he claims, if any, accrued to Ford, the grantor of the plaintiff, December 15th, 1863; and he was then out of possession, and never obtained possession. He conveyed his interest to the plaintiff October 10th, 1865. This suit to subject the legal title to his alleged equity is brought nine years after, and over seven years after an admitted and proved ouster and adverse holding.

*M. Lynch*, for Respondent.

There is no merit in the claim of estoppel against plaintiff. It is not sufficient to show that judgment has been procured against the tenant for the possession of the premises, but it must be shown that the landlord was notified of the pendency of the action, and had an opportunity to defend; otherwise the landlord is neither bound nor estopped by the judgment. (*Douglass* v. *Fulda*, 45 Cal. 592; *Wheelock* v. *Warschauer*, 34 id. 265; *Steinback* v. *Krone*, 36 id. 307: *Valentine* v. *Mahoney*, 37 id. 389; *Russell* v. *Mallon*, 38 id. 262; *Thompson* v. *Pioche*, 44 id. 508; Bigelow on Estoppel, 2nd ed. 354–5.)

In the former case, at the instance of the plaintiff and against the earnest objection of Altschul, the case was dismissed as to him; and the whole evidence of title in him, which had already been put in evidence, was stricken out. (*Barrows* v. *Kindred*, 4 Wall. 399; *Mc Veigh* v. *U. S.* 11 id. 267; *Windsor* v. *Mc-Veigh*, 93 U. S. 274; *Chant* v. *Reynolds*, 49 Cal. 216; *Porter* v. *Garrisino*, 51 id. 561.)

The position of appellants that plaintiff is barred by the Statute of Limitations is equally untenable. The Doyles were tenants of plaintiff when served with a notice to quit, November 23rd, 1867; and immediately after this notice they declined to

deliver possession to him, but instead entered into a conspiracy with Polack and wife, through which they were let into possession of the premises with the Doyles. That possession, for the purpose of this suit (No. 18,502) is deemed to be the possession of the landlord. The Doyles are tenants of the plaintiff, and having entered into possession, cannot deny his title. The same estoppel exists as to the Polacks, who entered under them ; and being in possession of the premises as tenants of the plaintiff, and holding the legal title as trustees for him, the Statute of Limitations has no application. (*Love* v. *Watkins*, 40 Cal. 547 ; *Gerdes* v. *Moody*, 41 id. 350 ; *Talbert* v. *Singleton*, 42 id. 391 ; *McCauley* v. *Harvey*, 49 id. 497.

*McAllister & Bergin*, also for Respondent.

It is clear that the mere relation of landlord and tenant does not render the landlord an improper party in an action of ejectment. The complaint in the Polack case charged that all the defendants were in possession. There is nothing to show but that the landlord was in possession at the commencement of the action, as well as the tenant, or to show that he was not a proper party to the action. The question therefore is thus presented : Whether, if a party be properly sued in a court of competent jurisdiction with respect to his property, and in that action, upon motion of his adversary, he is prevented from having his day in court, can that adversary afterward use the judgment against him ? Upon no principle of law can he be permitted to do so. (Authorities cited, *supra*.) The case of *Windsor* v. *McVeigh*, 93 U. S. 274, is in point. It is claimed that the tenant of Altschul was retained in the case, and that if he felt aggrieved by the result against his tenants, he was bound to appeal, and, failing to do so, is concluded. There is no authority or principle for such a position. The principle of law that no man shall take advantage of his own wrong forbids it. In none of the cases relied upon by the appellant was the question presented as to whether the landlord would be bound by the judgment, although prevented from litigating his title, and excluded from all participation in the litigation.

MYRICK, J.:

The appeals in these cases were heard before Department two of this Court, and an opinion was filed March 17th, 1880, affirming the judgment and order of the Court below, and a hearing in bank has been granted. The substantial question at issue in the Court below was, and in this Court is, whether the plaintiff, Altschul, is barred of his recovery in the actions by the proceedings and judgment in a former action in ejectment commenced by Mary Polack against Lynch, Altschul, Mary Doyle, Rix, and others. In the last named action the defendants answered, alleging title in themselves and those under whom they claimed. During the trial the plaintiff dismissed the action as to Rix. At the close of the evidence the plaintiff dismissed the action as to Altschul, and moved to strike out all the documentary evidence showing deraignment of title by Altschul from one Dorland. The defendants objected, on the ground that James Doyle and Mary Doyle were defending under the title of and by Altschul, they being his tenants and he defending for them, and that they were entitled to the benefit of his title. The Court overruled the objection, and struck out the evidence. The defendants, James and Mary Doyle, then moved the Court to open the case, and to allow them to show that they were the tenants of Altschul, and to prove his title. The Court denied the motion, and judgment was rendered dismissing the case as to Rix, Altschul, and James Doyle Sr., and in their favor for costs. Lynch moved for a new trial, which was granted, and the action was subsequently dismissed as to him. These dismissals left the case standing in favor of Mary Polack, plaintiff, *versus* Mary Doyle and James Doyle Jr., defendants, and judgment went for plaintiff and against defendants.

In the cases at bar, the recovery in the former suit was pleaded in bar of these actions; and after hearing the evidence, the Court found that at the instance and motion of the plaintiff in the former action, said action was dismissed as to the defendants therein, Rix, Lynch, and Altschul, and by and upon motion of said Mary Polack, said Altschul was not permitted to defend the same for his tenant, James Doyle Jr., and all the title of said Altschul to the premises involved in said action was, upon

like motion, excluded from all consideration in said action, and that Altschul is not in these actions in any manner barred or estopped by the judgment in said former action from asserting his title to said lands.    Judgment was rendered for plaintiff in both actions, and from the judgments, and from the orders denying motions for new trial, the cases are here.

Upon these facts, we are asked to hold that Altschul is barred by the recovery by Mary Polack in the former suit, and is estopped from denying that his title was adjudicated and passed upon therein.    Various authorities are cited, but counsel for appellant relies mainly upon the decision of this Court in *Gray* v. *Dougherty*, 25 Cal. 266, and *Valentine* v. *Mahoney*, 37 id. 389.    The latter case clearly announced the principle, (followed and approved in *Russell* v. *Mallon*, 38 Cal. 259) that if the landlord defends for and in the name of his tenant, and puts his title in issue in aid of his tenant's right of possession, the judgment against the tenant is a bar to a subsequent action by the landlord against the party recovering the judgment, and the landlord is estopped from saying that his title is not adjudicated. So in *Gray* v. *Dougherty:* "It (the former judgment) is not only final as to the subject-matter thereby determined, but also as to every other matter which the parties might have litigated in the cause, and which they might have decided.    It must appear, however, that the subject-matter or question was not only the same, but that it was submitted on its merits, and actually passed upon by the Court."    So in *Valentine* v. *Mahoney:* "Mann, though not sued, defended the action, and his title was put in issue.    In all cases in which the defendant is holding under a lease, and the lessor's title is in issue, it is proper, if not necessary, that the latter (the lessor) should have an opportunity to participate in the defense, for no one is as competent to present and defend his title as he.    The landlord ought not to be deprived of the possession by proceedings in which he could take no part."    The case proceeded upon the theory that the landlord did in fact take part in the controversy, and that his title was considered and passed upon.    SAWYER, J., concurring, said: "It would be dangerous to extend the rule to cases where there is nothing in the record tending to show that the landlord took the defense of the action upon himself.    The parties to be

estopped ought certainly to be indicated by the record itself. It is sufficiently manifest from the record in this case, that Mann was the party in interest who made the defense for his own benefit in the name of his tenants." And in *Russell* v. *Mallon*, the question was whether a judgment in an action of ejectment in which the landlord of defendant defends the action for and in the name of his tenant, *and puts his own title in issue*, is admissible in evidence by way of estoppel. Held, yea, on authority of *Valentine* v. *Mahoney*.

Admitting to the fullest extent the reasoning and the conclusions reached in those cases, not only is the appellant not aided thereby, but the record here shows that these cases are not within the principles there decided. Instead of the title of the landlord having been submitted, passed upon, and adjudicated, the landlord, having been made a party defendant, with an allegation of possession on his part, was dismissed from the action, the evidence of his title was stricken out, and the tenants were refused the benefit of that title. The record is not only not silent upon the subject, but it affirmatively appears that the landlord's title was not adjudicated.

It is claimed that as there was evidence tending to show that the landlord was personally present at the trial, employed counsel for himself and his tenants, and practically made whatever defense was made, he was bound by the judgment, because he had a legal right to be heard, and if the Court committed an error in denying him that right, he had an appeal, and his failure to prosecute an appeal was a waiver of his right; and on the argument it was distinctly insisted that, notwithstanding the fact that the plaintiff in the former action dismissed the suit as to Altschul, asked the Court to strike out the evidence of his title, and then objected to the defense of his title being made, thus inviting the Court to make an error, (if it were an error) yet, as Altschul, though no longer a party, did not appeal, he has had his day and is barred. We cannot accede to that proposition. We think that the bare statement of the proposition conclusively shows the answer.

The case of *Windsor* v. *McVeigh*, 3 Otto, 274, though not similar in facts, is parallel in principle, so far as concerns the binding effect of the judgment. In proceedings before a Dis-

trict Court, in a confiscation case, monition and notice having been issued and published, the appearance of the owner, for which they called, when made was stricken out, his right to appear being denied by the Court.   Held, that the subsequent sentence of confiscation of his property was as inoperative upon his rights as though no monition or notice had ever been issued. The legal effect of striking out his appearance was to recall the monition and notice as to him.   The Court says: " Wherever one is assailed in his person or property, there he may defend, for the liability and right are inseparable.   A denial to a party of the benefit of a notice, (*i. e.*, to defend) would be in effect to deny that he is entitled to notice at all, and the sham and deceptive proceeding had better be omitted altogether.   It would be like saying to a party, appear, and you shall be heard ; and when he has appeared, saying, your appearance shall not be recognized, and you shall not be heard.   The denial to a party in such a case of the right to appear is, in legal effect, the recall of the citation to him.   It was not within the power or the jurisdiction of the District Court to proceed with the case, so as to affect the rights of the owner after his appearance had been stricken out, and the benefit of the citation to him thus denied.   Jurisdiction is the right to hear and determine ; not to determine without hearing.   And where, as in this case, no appearance was allowed, there could be no hearing or opportunity of being heard, and, therefore, could be no exercise of jurisdiction."

The findings of the Court below, on the other points made by appellant, are sustained by the evidence.

Judgment and order affirmed.

MORRISON, C. J., SHARPSTEIN, J., ROSS, J., McKEE, J., and THORNTON, J., concurred.