[Civ. No. 12710. Fourth Dist., Div. One. Oct. 4, 1973.]

SEA WORLD CORPORATION, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
ANNE E. ECKIS, Real Party in Interest.

COUNSEL

Jones, Tellam, Irving & Estes and Arthur W. Jones for Petitioner.

No appearance for Respondent.

Linley, McDougal, Meloche & Murphy and Lynn R. McDougal for Real Party in Interest.

**OPINION**

**WHELAN, Acting P. J.**—Proceeding in prohibition restraining further proceedings in a personal injury action pending before the respondent superior court. Writ denied.

Sea World Corporation (Sea World) seeks a writ of prohibition to prevent the Superior Court in and for the County of San Diego from proceeding with the trial of action No. 332674, in which the real party in interest here, Anne E. Eckis (Eckis), as plaintiff, asks for damages against Sea World.

Eckis suffered physical injury of undetermined character and extent as the result of having bestridden a killer-whale owned by Sea World, an action she took at the request of Sea World, made through her supervisor at a time when she was employed as a secretary by Sea World.

On April 18, 1972, the day on which the superior court action was filed, Eckis filed an application for benefits with the Workmen's Compensation

Appeals Board (WCAB), in which she stated the injury arose out of and in the course of her employment by Sea World, that she had been paid some compensation benefits from and had received all medical care from the employer's insurance carrier.

Her complaint in the superior court alleged negligence on the part of Sea World, and that when injured she was not acting within the scope of her employment.

WCAB obtained jurisdiction of the employer by service of process by mail on April 20, 1972. Jurisdiction over Sea World was obtained in the superior court action by personal service on April 24.

Sea World, as the basis for the present petition, contends that WCAB has a priority of right to determine the threshold question of subject matter jurisdiction because it first obtained jurisdiction over the parties as a result of the service effected four days before the superior court obtained jurisdiction over all the parties.

To quote *Scott* v. *Industrial Acc. Com.,* 46 Cal.2d 76, 81, 83 [293 P.2d 18], the case is one in which: "The issue is not one of simultaneous exercise of general concurrent jurisdiction; it is, rather, the right of proceeding simultaneously in two tribunals, the jurisdiction of each of which is essentially exclusive of the other, but each of which has the power to make a determination of jurisdiction which, when final, will be conclusive upon the other.

". . . . . . . . . . . . . . .

"[T]he only point of concurrent jurisdiction of the two tribunals appears to be *jurisdiction to determine jurisdiction;* jurisdiction once determined will be exclusive, not concurrent." In *Scott* the court stated, at page 89: "We conclude that the general rule long recognized as governing tribunals whose jurisdiction is generally concurrent should be applied here where jurisdiction to determine jurisdiction is concurrent."

The rule referred to in *Scott* was stated in *Taylor* v. *Superior Court,* 47 Cal.2d 148, 149 [301 P.2d 866], to be: "[W]here two tribunals in this state have concurrent jurisdiction to determine jurisdiction, the question of which shall have exclusive jurisdiction shall be determined by the tribunal whose jurisdiction was first invoked, and proceedings in the tribunal whose jurisdiction was subsequently sought will, if not voluntarily stayed, be halted by prohibition until final determination of the jurisdictional question by the tribunal where jurisdiction was first laid."

In *Scott,* the petition for the writ was filed after all of the following: A minor had filed an action for damages on December 23, 1953, the answer to which alleged the plaintiff's injury arose out of and in the scope of his employment. The only proceeding before the Industrial Accident Commission (IAC) was filed November 23, 1954 by the putative employer's insurer after the superior court case was set for trial in February 1955, when it was tried and a mistrial resulted. A second trial was set for June 27, 1955. A petition for the writ was filed March 8, 1955, and denied by the Court of Appeal. The second trial in June resulted in a judgment of nonsuit from which an appeal was taken. Such was the situation when the Supreme Court prohibited IAC from proceeding.

In *Taylor,* one McVey on March 29, 1954, filed an application with IAC in which he stated Taylor was his employer when McVey was injured on December 31, 1953, and that McVey had received compensation in the sum of $169.50. At a commission hearing on November 5, 1954, all parties admitted that on December 31, 1953, McVey was employed by Taylor and sustained compensable injury. Issues for hearing were stated, and the matter was continued. On December 28, 1954, McVey filed an action against Taylor in the superior court in which McVey alleged that while he was employed by the United States Forestry Service on December 31, 1953, he sustained the same injury as a result of Taylor's negligence. In those circumstances the Supreme Court held the superior court action should be stayed.

In *Jones* v. *Brown,* 13 Cal.App.3d 513, 517 [89 Cal.Rptr. 651], the plaintiff on May 24, 1967, as stated by the court: " . . . filed an application for the adjudication of her claim for compensation benefits with the Board, naming defendant husband and his compensation insurance carrier as defendants. An award was made in plaintiff's favor on September 26, 1967 for temporary disability and medical treatment. Thereafter, and on November 22, 1967, the instant action was filed. While this action was pending plaintiff filed an application with the Board for a permanent disability rating, the hearing thereon being held on September 19, 1968." Thereafter the defendant moved for summary judgment. The judgment entered pursuant to that motion was affirmed on appeal. The decision mentioned also that the determination of compensability by the board had become res judicata.

Again, in *Busick* v. *Workmen's Comp. Appeals Bd.,* 7 Cal.3d 967 [104 Cal.Rptr. 42, 500 P.2d 1386], the plaintiff in a superior court action pursued her action to a judgment which became res judicata in her earlier-filed proceeding before WCAB in which no final determination had been made

of the subject matter jurisdictional question. In that decision the court said, at page 976: "A party may obtain an order preventing the second tribunal from acting pending determination by the first tribunal of the jurisdictional question. But the court need not on its own motion await the first tribunal's action." [Fn. omitted.]

█ Adopting the rationale and historical perspective of *Scott,* we find other rules long and widely recognized as governing tribunals whose jurisdiction is generally concurrent. Such other rules in the varying factual circumstances may likewise be applied in cases where the concurrent jurisdiction is only to determine the facts upon which exclusive subject matter jurisdiction may depend, all without offense to the rule of *Scott* and *Taylor.*[1]

█ One of those principles is that the court where jurisdiction first attaches may yield it, and that it is the right of the court to insist upon or waive its jurisdiction. (*Beavers* v. *Haubert,* 198 U.S. 77 [49 L.Ed. 950, 25 S.Ct. 573, 575].)

*Browne* v. *Superior Court,* 16 Cal.2d 593, 597 [107 P.2d 1, 131 A.L.R. 276], refers to the familiar proposition: "[W]here several courts have concurrent jurisdiction over a certain type of proceeding, the first one to assume and exercise such jurisdiction in a particular case acquires an exclusive jurisdiction. Thereafter another court, though it might originally have taken jurisdiction, is wholly without power to interfere, . . ."[2]

█ A court in its discretion may refuse to exercise jurisdiction where another court with concurrent jurisdiction has undertaken to exercise jurisdiction over the same subject matter. (*Blue* v. *Mathena,* 259 F.Supp. 926, 928.)

That principle found expression in *DeBrincat* v. *Mogan,* 1 Cal.App.2d 7 [36 P.2d 245], where the superior court in San Mateo County was the court which first obtained jurisdiction of all parties, but stayed its own

---

[1]In *King* v. *Superior Court,* 12 Cal.App.2d 501, 512 [56 P.2d 268], the court said: "When jurisdiction to inquire and act depends upon the existence of certain facts, the absence of proof of such facts limits the power to that of inquiry only, and if action is attempted it is in excess of jurisdiction. The same reasoning is applied to cases before the Industrial Accident Commission."

[2]Various terms have been used to describe the decisive act of a court in preempting full jurisdiction over a cause to the exclusion of another court having concurrent jurisdiction. Thus, in *Browne, supra,* 16 Cal.2d 593, 597: "assume and exercise"; in *Greene* v. *Superior Court,* 37 Cal.2d 307, 310 [231 P.2d 821]: "assuming"; it has even been described as "invoking," which would seem to be more appropriately the act of one of the parties rather than of the court. "Assume," too, is hardly the just word, since the court either has or has not jurisdiction. "Assume a jurisdiction if you have it not" would be inapt advice to a court.

proceedings, while the superior court in San Francisco proceeded with an action there involving the same subject matter. The reviewing court stated, at pages 10 and 11: "[I]n actions of this character the court in which process is first served has jurisdiction over the whole litigation and has full power to require the parties to come into that court for a complete adjudication of the controversy.

"[T]hough the court in San Mateo County had full power to assume jurisdiction over the whole controversy, we cannot say that, under the circumstances here shown, it abused its discretion in refusing to do so. Conversely, until full jurisdiction was assumed by the San Mateo court, the San Francisco court had jurisdiction to proceed with the trial."[3]

A definition of full jurisdiction is found in *General Inv. Co.* v. *New York Cent. R. Co.*, 271 U.S. 228, 230 [70 L.Ed. 920, 921, 46 S.Ct. 496, 497]: "By jurisdiction we mean power to entertain the suit, consider the merits and render a binding decision thereon; and by merits we mean the various elements which enter into or qualify the plaintiff's right to the relief sought."

■ Jurisdiction is the power to hear and determine a cause. (*Sherer* v. *Superior Court*, 96 Cal. 653, 654 [31 P. 565]; *Altschul* v. *Polack*, 55 Cal. 633, 641; *Dahlgren* v. *Superior Court*, 8 Cal.App. 622, 626 [97 P. 681].)

Full jurisdiction is like a storage battery of great capacity, which does not act until a switch has been turned.

As stated in *Sale* v. *Railroad Commission*, 15 Cal.2d 612, 617 [104 P.2d 38]: "A court is a passive forum for adjusting disputes, and has no power either to investigate facts or to initiate proceedings. Litigants themselves largely determine the scope of the inquiry and the data upon which the judicial judgment is based."

The main switch is that which controls the transmission of power for the hearing and determination of the whole controversy. Other switches control the transmission of power to earlier or subordinate issues.

When a case is filed with the court and jurisdiction of the parties has been obtained, the court does not thereby assume exclusive jurisdiction of that case and its subject matter, even if under the pecking order it has a right to do so, if another suit involving the same subject matter is filed in

---

[3] In *Gorman* v. *Superior Court*, 23 Cal.App.2d 173, 176 [72 P.2d 774], this court noted the distinction between the facts in that case where the court first acquiring jurisdiction of the parties proceeded to exercise its jurisdiction and the contrary situation in *DeBrincat* v. *Mogan*, 1 Cal.App.2d 7 [36 P.2d 245].

a court of concurrent jurisdiction which proceeds without being interfered with to have a hearing in which all parties participate.

 There is no exercise of jurisdiction where there is neither hearing nor opportunity to be heard. (*Altschul* v. *Polack, supra,* 55 Cal. 633, 641.[4])

This rule is stated in *Cutting* v. *Bryan,* 206 Cal. 254, 257 [274 P. 326]: "[T]he court which first takes the subject matter of a litigation into its control for the purpose of administering the rights and remedies with relation to specific property obtains thereby jurisdiction so to do, to the exclusion of the exercise of a like jurisdiction by other tribunals, the powers of which are sought to be invoked by parties or their privies to the original action."

To the limited extent to which that rule may be applicable here, the subject matter may be said to be the determination whether the injury suffered by Eckis arose out of and in the scope of her employment by Sea World.

The jurisdiction with which we are ultimately concerned here is that facet of full jurisdiction involving a determination of the existence of facts upon which subject matter jurisdiction depends. That determination would be an application of the unquestioned law to undisputed facts, or an application of the same law to facts determined upon conflicting evidence.

██ ██ The other facet of jurisdiction involved is that based upon the prior right to exercise concurrent jurisdiction to determine existence of subject matter jurisdiction.

Precedential jurisdiction, unlike exclusive subject matter jurisdiction, may be the subject of waiver by the court having it.

Concerning such priority of right a second principle applies, that a party litigant may waive, or be estopped to assert, lack of jurisdiction.

The scholarly Bernard Witkin of the San Francisco Bar discussed the principle and calls it an " 'Estoppel' to Deny Jurisdiction 'Invoked' " (1 Witkin, Cal. Procedure (2d ed. 1970) Jurisdiction, § 12, p. 537); he cites *San Martin* v. *Superior Court,* 169 Cal.App.2d 14 [336 P.2d 618]. In that case a husband filed an action for separate maintenance in Los Angeles County and obtained service on November 2. His wife filed an action for annulment in San Bernardino County the same day, but its process was

---

[4]In a sense, the jurisdiction of a court is invoked when complaint is filed with it and its compelling process issues. But unless the plaintiff does some further invoking he will find after five years that his original cry has not been heard.

not served until December 2. On the wife's application the San Bernardino court issued an order to show cause. The husband appeared at the hearing and stipulated to an order. He also filed an answer and cross-complaint. Thereafter he moved unsuccessfully for dismissal of the San Bernardino action, and next filed a petition for prohibition. The court denied the petition, stating: "[A]lthough equity abhors a multiplicity of suits, . . . we are not disposed to restrain the respondent court from continuing to exercise jurisdiction over the action . . . filed by the wife in which action the husband has submitted to the jurisdiction of that court, . . ." (*San Martin* v. *Superior Court,* 169 Cal.App.2d 14, 19 [336 P.2d 618].)

In *Young* v. *City of Los Angeles,* 86 Cal.App. 13, 17 [260 P. 798], the court stated: " '[W]here the court has general jurisdiction of the subject matter a lack of jurisdiction of the particular case may be waived by failure to take timely and specific objections, or an invocation of or submission to the jurisdiction may raise an estoppel to deny such jurisdiction.' "

The hearing held to determine whether Eckis had standing to maintain her action for damages based upon negligence was an exercise of jurisdiction. (See *General Inv. Co.* v. *New York Cent. R. Co., supra,* 271 U.S. 228, 230.)

Here, the jurisdiction of the superior court was invoked specifically by Sea World to make the threshold determination based upon what was originally claimed to be a showing of undisputed facts. The affidavit in support of the motion for summary judgment showed the making of the application by Eckis to WCAB with the application's statements as to the employment of Eckis by Sea World, as to injury in the course of employment, and as to benefits received. Later it was supplemented by testimony of Eckis given by deposition in the superior court action at the instance of Sea World.

Certain presumptions declared by the Labor Code were also relied upon.

There were counteraffidavits by Eckis and testimony of other Sea World employees taken at her instance.

The trial court's ruling in denying the motion for summary judgment is not in question and appears to have been correct upon the theory there were issues of fact to be determined. It cannot have been predicated upon a factual finding that subject matter jurisdiction resided in the superior court.

Therefore, the question of subject matter jurisdiction remains to be answered, and, if answered in the superior court, in a trial involving other issues,[5] unless the question of subject matter jurisdiction be tried separately.[6]

Nevertheless, the court entered upon the exercise of its jurisdiction, and if the facts had been undisputed, would have determined the controverted threshold issue. Following that exercise of jurisdiction, the tribunal which might have been requested to hold a hearing to determine that issue but was not, has voluntarily stayed its proceedings, no doubt in recognition of the fact that the superior court's jurisdiction had been earlier invoked and partially exercised.

Sea World's petition in this court alleges: "[T]he motion, made by the petitioner, questioned the power of the Superior Court over objection to attempt to decide the initial jurisdictional question of which tribunal had exclusive jurisdiction to hear the entire matter."

■ In fact Sea World's motion was not to stay proceedings in the superior court because of the claimed prior right of WCAB, but was for summary judgment, calling for a determination of the issue which Sea World now says the superior court might not determine because WCAB had the prior right to do so.

The principles we have discussed apply here: Sea World has waived, or is estopped to urge, objection to the jurisdiction which it has invited the superior court to exercise, which the superior court has exercised, which exercise has been followed by a suspension of proceedings before WCAB amounting to a waiver by that tribunal of its priority of right.

The petition is denied.

Ault, J., and Cologne, J., concurred.

---

[5]"In a jury trial of the superior court action, it appears that a special interrogatory on the question of coverage would (at least in the absence of special circumstances) be necessary in order to disclose what was determined on that point, in case of a verdict for defendant. Without such a special interrogatory it could not be ascertained whether the verdict turned on one of the other pleaded defenses of absence of defendant's negligence, unavoidable accident, or contributory negligence of plaintiff, rather than on the issue of the employment relationship. This, however, it is answered, is a mere incident of procedure which can be handled in the trial court." (*Scott* v. *Industrial Acc. Com.*, 46 Cal.2d 76, 84 [293 P.2d 18].)

[6]A prior and separate trial as to the issue whether the injury arose out of and in the course of employment should be possible under Code of Civil Procedure section 597, and, perhaps, Evidence Code sections 402 and 403.