Filed 7/24/19

# CERTIFIED FOR PUBLICATION
## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
### SECOND APPELLATE DISTRICT
### DIVISION FOUR

| | |
|---|---|
| LEANNE HOLLINGSWORTH et al., | B297658 |
| Petitioners, | (Los Angeles County Super. Ct. No. BC690999/ ADJ11235905) |
| v. | |
| THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., | |
| Respondents; | |
| HEAVY TRANSPORT, INC., et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS in mandate and to review a decision of the Workers' Compensation Appeals Board. Mark C. Kim, Judge. Petition granted.

Murray & Associates and Murray D. Lawrence; Frances L. Diaz for Petitioners.

Anne Schmitz, Allison J. Fairchild and Peter Ray for Respondent Workers' Compensation Appeals Board.

No appearance for Respondent Superior Court of Los Angeles.

Gray Duffy and John Joseph Duffy for Real Parties in Interest.

## INTRODUCTION

"Pursuant to constitutional mandate, the Legislature has vested the Workers' Compensation Appeals Board (WCAB) with exclusive jurisdiction over claims for workers' compensation benefits.  (Cal. Const., art. XIV, § 4, Lab. Code, § 5300.)" (*La Jolla Beach & Tennis Club, Inc. v. Industrial Indemnity Co.* (1994) 9 Cal.4th 27, 35.)  Thus, in an action involving a worker injured during his or her employment, "the superior court and the WCAB . . . 'do *not* have concurrent jurisdiction over the whole of the controversy, and one of them will be without jurisdiction to grant any relief whatsoever, depending upon whether or not the injuries were . . . covered by the workmen's compensation laws.'" (*Ibid.*)  "The only point of concurrent jurisdiction of the two tribunals is jurisdiction to determine jurisdiction; jurisdiction once determined is exclusive, not concurrent." (*Ibid.*)

This case presents the question of which tribunal—the superior court or the WCAB—had jurisdiction to determine which tribunal had exclusive jurisdiction.  The Supreme Court has made clear that when a civil action and a workers' compensation proceeding are concurrently pending, "the tribunal first assuming jurisdiction" should determine exclusive jurisdiction.  (*Scott v. Industrial Acc. Commission* (1956) 46 Cal.2d 76, 81 (*Scott*).)  Here, the superior court exercised jurisdiction first, so the court had jurisdiction to decide which tribunal has exclusive jurisdiction.  The court erred by staying the civil case to allow the WCAB to decide that issue, and the WCAB erred by proceeding without deference to the superior court.  We therefore grant plaintiffs' petition.

2

**FACTUAL AND PROCEDURAL BACKGROUND**

**A.    Workers' compensation exclusivity**

"As a general rule, an employee who sustains an industrial injury 'arising out of and in the course of the employment' is limited to recovery under the workers' compensation system." (*Torres v. Parkhouse Tire Service, Inc.* (2001) 26 Cal.4th 995, 1001.)  "The underlying premise behind this statutorily created system of workers' compensation" is a bargain in which "'the employer assumes liability for industrial personal injury or death without regard to fault in exchange for limitations on the amount of that liability. The employee is afforded relatively swift and certain payment of benefits to cure or relieve the effects of industrial injury without having to prove fault but, in exchange, gives up the wider range of damages potentially available in tort.'" (*Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund* (2001) 24 Cal.4th 800, 811, citing *Shoemaker v. Myers* (1990) 52 Cal.3d 1, 16.)  For purposes of this matter, it is not disputed that the fatal injury at issue occurred in the course of the decedent's employment.

However, "[t]he price that must be paid by each employer for immunity from tort liability is the purchase of a workers' compensation policy." (*Hernandez v. Chavez Roofing, Inc.* (1991) 235 Cal.App.3d 1092, 1095.)  All employers are required to "secure the payment of compensation by obtaining insurance from an authorized carrier or by securing a certificate of consent from the Director of Industrial Relations to become a self-insurer." (*Minish v. Hanuman Fellowship* (2013) 214 Cal.App.4th 437, 461; Lab. Code, § 3700.)  "If any employer fails to secure the payment of compensation, any injured employee or

3

his dependents may bring an action at law against such employer for damages, as if this division did not apply." (Lab. Code, § 3706.) There is a dispute in this case about whether the decedent's employer had workers' compensation insurance, and therefore whether the claims are restricted to the workers' compensation system.

## B. Procedural background

Kirk Hollingsworth was involved in a fatal accident while working for defendant Heavy Transport, Inc. in June 2016. His wife, Leanne Hollingsworth, and son, Mark Hollingsworth (plaintiffs),[1] filed a wrongful death complaint in superior court on January 22, 2018. Plaintiffs alleged that Heavy Transport did not have workers' compensation insurance. They also alleged that defendant Bragg Investment Company purported to have merged with Heavy Transport in 1986, but that the two companies had always maintained separate operations. Plaintiffs asserted that Bragg "sought to extend Worker's Compensation Benefits" to them. Plaintiffs also alleged that defective Bragg equipment contributed to the incident.

On March 5, 2018, Bragg and Heavy Transport (defendants) demurred to plaintiffs' complaint. They asserted that Heavy Transport was a fictitious business name for Bragg, and therefore they were the same entity. Bragg had a workers' compensation policy that covered the accident, so plaintiffs' action was barred by workers' compensation exclusivity. Defendants sought judicial notice of several documents they

---

[1] Leanne and Mark Hollingsworth are the petitioners in this case, and Bragg Investment Company and Heavy Transport, Inc. are real parties in interest. Herein, we refer to these parties as "plaintiffs" and "defendants," respectively.

contended supported the demurrer, including documents regarding ownership of Heavy Transport and insurance information.

On March 14, 2018, defendants filed an application for adjudication of claim with the WCAB. The application listed Bragg as the employer, included insurance information, and noted that a lawsuit had been filed.

The trial court denied defendants' request for judicial notice and overruled the demurrer. The court held that plaintiffs had adequately alleged an exception to workers' compensation exclusivity, because they had alleged that Heavy Transport was the decedent's employer and it did not have workers' compensation insurance.

On January 14, 2019, defendants filed an ex parte application for an order staying the civil action, Defendants asserted that in December 2018 the WCAB determined that the accident had occurred in the course of decedent's employment. The WCAB then set a hearing for February 19, 2019 to determine if any applicable workers' compensation insurance covered the incident. Defendants noted that plaintiffs had served deposition notices and document requests. Defendants asked that the civil case be stayed until the WCAB determined the insurance issue, which would then determine which tribunal had exclusive jurisdiction.

Plaintiffs opposed defendants' request for a stay, asserting that evidence showed that decedent was employed by Heavy Transport, not Bragg, and there was no indication that Heavy Transport had workers' compensation insurance. Plaintiffs asserted that defendants' attempt to cast Bragg as the employer was an effort to "escape responsibility" for the incident.

Judge Stephen Goorvitch heard defendants' ex parte application and partially granted it. The court noted that there was a factual dispute about the identity of decedent's employer and whether the employer was insured, and "Plaintiffs are entitled to conduct discovery to attempt to resolve these issues." The court granted defendants' request for a stay of discovery "except with respect to discovery concerning the identity[2], employment, and insurance issues in this case." The court also found the case to be complex, and transferred it to a new department.

On March 11, 2019, plaintiffs filed a request for a preliminary injunction "to preserve [the trial] court's jurisdiction." Plaintiffs stated that they also had filed a motion with the WCAB to stay those proceedings, but "[r]ather than grant the motion, the WCAB set the case for trial before a WCAB arbitrator on June 6, 2019, on the issue of insurance coverage, which is the exact issue retained by this Court for decision." Plaintiffs cited *Scott, supra,* 46 Cal.2d 76, which we discuss in greater detail below. In short, *Scott* held that where there is a jurisdictional dispute about whether the superior court or a workers' compensation tribunal has exclusive jurisdiction over a claim, both the superior court and the workers' compensation tribunal have concurrent jurisdiction to determine exclusive jurisdiction, and the tribunal that first exercised jurisdiction should determine exclusive jurisdiction. (*Scott*, *supra*, 46 Cal.2d at pp. 81, 89.) Plaintiffs requested a preliminary injunction to "preserve the status quo" until the trial court determined jurisdiction.

---

[2] It appears the court was referencing questions about whether Bragg and Heavy Transport were a single entity.

6

Defendants opposed the motion, noting that Labor Code section 5955 explicitly states that a superior court does not have the authority to "suspend or delay the operation or execution thereof, or to restrain, enjoin, or interfere with the appeals board in the performance of its duties." Defendants also asserted that plaintiffs had not established a reasonable probability of prevailing on the merits.

Judge Mark C. Kim heard the matter and took it under submission. The court later denied plaintiffs' motion in a written ruling, stating that plaintiffs "do not offer any evidence supporting a probability of prevailing on the merits." The court also stated that plaintiffs had not "presented any authority for the Court to stay a pending WCAB case." In addition, the court stated, "Plaintiff [*sic*] also has not indicated why a WCAB trial on the issue of insurance is an issue."

The court further stated that on its own motion, upcoming discovery motion hearings were vacated, and all further discovery was stayed. The court set a status conference regarding the WCAB proceedings for June 27, 2019.

Plaintiffs filed a petition for writ of mandate in this court, and requested that we issue an order staying the June 6 arbitration scheduled in the WCAB proceeding. We issued an alternative writ and an order staying the WCAB proceedings, and requested briefing from the parties. Defendants and the WCAB each filed a return, and plaintiffs filed a reply. The superior court did not appear. The matter proceeded to oral argument.

## DISCUSSION

This case presents a relatively simple question: Which tribunal—the superior court or the WCAB—should resolve the questions that will determine whether the superior court or the

7

WCAB has exclusive jurisdiction over plaintiffs' claims? The Supreme Court in *Scott, supra*, 46 Cal.2d 76, decided this issue in 1956, and held that whichever tribunal exercised jurisdiction first should make the necessary findings to determine which tribunal has exclusive jurisdiction over the remainder of the matter. We follow that rule here, and find that the trial court erred by deferring to the WCAB to determine jurisdiction.

In *Scott*, an injured "invitee" filed a lawsuit in superior court, and the defendant company pled as an affirmative defense that the Industrial Accident Commission had "exclusive jurisdiction for the injuries claimed by plaintiff." (*Scott, supra*, 46 Cal.2d at p. 79.) Later, the "defendant in the superior court action and State Compensation Insurance Fund as its workmen's compensation insurance carrier filed with the Industrial Accident Commission an application for adjustment of claim arising out of the same personal injuries as those alleged by plaintiff in the superior court action." (*Id*. at pp. 79-80.) After additional proceedings in both tribunals, the case reached the Supreme Court, which considered "whether the Industrial Accident Commission may, and should, be required to suspend the exercise of its jurisdiction in the proceeding before it because of the pendency of the action in the superior court." (*Id*. at p. 81.)

The court noted that "the two tribunals involved[,] the superior court on the one hand and the commission on the other[,] do not have concurrent jurisdiction over the whole of the controversy, and one of them will be without jurisdiction to grant any relief whatsoever, depending upon whether or not the injuries were suffered within the course and scope of an employment relationship and so covered by the workmen's compensation laws. In other words . . . , the only point of

8

concurrent jurisdiction of the two tribunals appears to be jurisdiction to determine jurisdiction; jurisdiction once determined will be exclusive, not concurrent." (*Scott, supra*, 46 Cal.2d at pp. 82-83.) The court added, "It is elementary that the type and extent of relief which can be granted and the factors by which such relief is determined differ materially between the two tribunals; the superior court cannot award workmen's compensation benefits, and the commission cannot award damages for injuries." (*Id*. at p. 83.)

The *Scott* court held that "the general rule long recognized as governing tribunals whose jurisdiction is generally concurrent should be applied here where jurisdiction to determine jurisdiction is concurrent." (*Scott, supra*, 46 Cal.2d at p. 89.) Under this rule, "When two or more tribunals in this state have concurrent jurisdiction, the tribunal first assuming jurisdiction retains it to the exclusion of all other tribunals in which the action might have been initiated. Thereafter another tribunal, although it might originally have taken jurisdiction, may be restrained by prohibition if it attempts to proceed." (*Scott, supra*, 46 Cal.2d at p. 81.) The court stated that its intent was to "declare a simple workable rule upon the law as it exists." (*Id*. at p. 89.)

Later the same year, the Supreme Court followed *Scott* in *Taylor v. Superior Court* (1956) 47 Cal.2d 148. The court summarized the holding of *Scott*: "The Scott case holds that where two tribunals in this state have concurrent jurisdiction to determine jurisdiction, the question of which shall have exclusive jurisdiction shall be determined by the tribunal whose jurisdiction was first invoked, and proceedings in the tribunal whose jurisdiction was subsequently sought will, if not

9

voluntarily stayed, be halted by prohibition until final determination of the jurisdictional question by the tribunal where jurisdiction was first laid." (*Taylor*, *supra*, 47 Cal.2d at p. 149.) The court noted that the employee "first invoked the jurisdiction of the commission and thereafter sought that of the superior court to adjudicate his claims as to the same injury." (*Id.* at p. 151.) The court continued, "Therefore, under [*Scott*], the superior court should not try the case until the commission has made a final determination of the issue as to whether it or the court has jurisdiction to proceed; *i.e.*, as to whether [the employee's] alleged injuries are covered by the workmen's compensation laws so far as concerns his claims against petitioner. Meanwhile, the commission should proceed to a determination of such issue. Its adjudication, when final, will be conclusive on all parties." (*Ibid.*)

Here, the superior court exercised jurisdiction first. Plaintiffs' complaint was filed on January 22, 2018, and defendants' demurrer was filed on March 5, 2018. Defendants' WCAB application was filed on March 14, 2018. Under *Scott*, the appropriate tribunal to determine the question of exclusive jurisdiction is the superior court, because that tribunal exercised jurisdiction first.

The WCAB acknowledges the holding of *Scott*, but argues that no error occurred. It asserts, "Even if it is assumed arguendo that the [superior court] holds precedential jurisdiction to determine jurisdiction pursuant to *Scott*, the [court] deferred jurisdiction to the WCAB on the issue of insurance coverage." The WCAB cites *Sea World Corp. v. Superior Court* (1973) 34 Cal.App.3d 494 (*Sea World*), in which the plaintiff "suffered physical injury of undetermined character and extent as the

10

result of having bestridden a killer-whale owned by Sea World, an action she took at the request of Sea World, made through her supervisor at a time when she was employed as a secretary by Sea World." (*Id*. at p. 496.) The plaintiff alleged in a civil action that she was not acting in the scope of her employment at the time. (*Id*. at p. 497.) A WCAB proceeding was also initiated the same day, and Sea World contended that "WCAB has a priority of right to determine the threshold question of subject matter jurisdiction because it first obtained jurisdiction over the parties as a result of the service effected four days before the superior court obtained jurisdiction over all the parties." (*Id*. at p. 497.)

It appears that the parties in *Sea World* did not immediately address the threshold issue of exclusive jurisdiction. Instead, Sea World moved for summary judgment in the superior court, thus "the jurisdiction of the superior court was invoked specifically by Sea World to make the threshold determination based upon what was originally claimed to be a showing of undisputed facts." (*Sea World, supra*, 34 Cal.App.3d at p. 502.) Sea World's later attempt to question the superior court's jurisdiction contradicted its earlier motion for summary judgment: "Sea World's motion was not to stay proceedings in the superior court because of the claimed prior right of WCAB, but was for summary judgment, calling for a determination of the issue which Sea World now says the superior court might not determine because WCAB had the prior right to do so." (*Id*. at p. 503.) The Court of Appeal held that as a result, "Sea World has waived, or is estopped to urge, objection to the jurisdiction which it has invited the superior court to exercise, which the superior court has exercised, which exercise has been followed by a

11

suspension of proceedings before WCAB amounting to a waiver by that tribunal of its priority of right." (*Id*. at p. 503.)

The WCAB cites the statement in *Sea World* that "[p]recedential jurisdiction"—concurrent jurisdiction to determine exclusive jurisdiction—"may be the subject of waiver by the court having it." (*Sea World, supra*, 34 Cal.App.3d at p. 501.) Indeed, in *Sea World* the court cited *Scott* and several similar cases, and noted that "the court where jurisdiction first attaches may yield it, and that it is the right of the court to insist upon or waive its jurisdiction." (*Sea World, supra*, 34 Cal.App.3d at p. 499.) Here, however, the evidence does not support a finding of waiver or estoppel, and neither the WCAB or defendants assert facts to support such a finding. To the contrary, from the initiation of the action, plaintiffs and defendants consistently asserted their respective positions regarding jurisdiction, unlike the employer in *Sea World*. Thus, waiver or estoppel does not compel us to depart from the rule in *Scott*.

Moreover, the record does not support the WCAB's characterization that the superior court's deference of jurisdiction was intentional rather than erroneous. The court stated that plaintiffs had not "indicated why a WCAB trial on the issue of insurance is an issue," suggesting that the court did not recognize that the insurance question was central to the issue of exclusive jurisdiction. Moreover, the court focused on the traditional standards for a preliminary injunction[3] and court's lack of

---

[3] "[A]s a general matter, the question whether a preliminary injunction should be granted involves two interrelated factors: (1) the likelihood that the plaintiff will prevail on the merits, and (2) the relative balance of harms that

12

authority to impose a stay under Labor Code section 5955. Thus, the record does not support a finding that the trial court intentionally "waived" jurisdiction.

The WCAB and defendants also assert that the rule in *Scott* may be disregarded so as long as proceedings in one tribunal are stayed, so there is no risk of inconsistent rulings. Defendants assert, "While *Scott* does address similar issues associated with concurrent jurisdiction, the reasoning behind the decision does not apply in this particular case. The Court in *Scott* was primarily concerned with the risks of associated with multiple tribunals potentially issuing inconsistent rulings. . . . That is not an issue here since the Superior Court imposed its own stay precluding the possibility of multiple rulings." Defendants argue that the problem in *Scott* was that "[a]llowing both tribunals to continue simultaneously would create the possibility for multiple or inconsistent rulings." Here, the superior court "eliminated any risk of multiple or inconsistent rulings" by imposing a stay, and therefore there is no need to follow the rule articulated in *Scott*. Similarly, the WCAB asserts that "there is . . . no danger of multiple or inconsistent rulings in this case" because the superior court "stay[ed] proceedings in the civil case pending the outcome of the insurance coverage arbitration."

We decline to disregard clear Supreme Court precedent simply because the trial court avoided the potential for inconsistent rulings. *Scott* provided a "simple workable rule" in the situation presented here. The "tribunal first assuming jurisdiction retains it" to determine the question of exclusive

---

is likely to result from the granting or denial of interim injunctive relief." (*White v. Davis* (2003) 30 Cal.4th 528, 554.)

13

jurisdiction. The first tribunal to assume jurisdiction over the issues in this case was the superior court. Under *Scott*, both the superior court and the WCAB erred in their orders allowing the questions central to exclusive jurisdiction to be determined by the WCAB instead of the superior court.[4]

## DISPOSITION

Let a writ of mandate issue directing the superior court to vacate its April 16, 2019 order staying proceedings in this action, and directing the WCAB to vacate its hearing to determine defendants' insurance status (originally set for June 6, 2019). All proceedings in the WCAB shall remain stayed, and the trial court shall conduct further proceedings limited to determining which tribunal has exclusive jurisdiction over plaintiffs' claims. Plaintiffs are entitled to their costs in this proceeding.

## CERTIFIED FOR PUBLICATION

COLLINS, J.

We concur:

MANELLA, P. J.                                        WILLHITE, J.

---

[4] The parties' filings in this court include lengthy arguments about the underlying issues to be determined, including whether Bragg and Heavy Transport are the same entity, whether Bragg's workers' compensation insurance covered the incident, and whether plaintiffs' claims are barred by the unclean hands doctrine. These issues are not relevant to the questions before us, and therefore we do not address them.