[L. A. No. 24265.   In Bank.   Oct. 11, 1956.]

JAMES H. TAYLOR, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; HARRY W. McVEY, Real Party in Interest.

Roland Maxwell, Paul H. Marston and Richard W. Olson for Petitioner.

Harold W. Kennedy, County Counsel, and William E. Lamoreaux, Assistant County Counsel for Respondent.

Robertson, Harney, Drummond & Dorsey and Robert P. Dorsey for Real Party in Interest.

SCHAUER, J.—Petitioner seeks prohibition, pursuant to the rule laid down in *Scott* v. *Industrial Acc. Com.* (Feb. 3, 1956), 46 Cal.2d 76, 81, 89 [293 P.2d 18], to halt proceedings in the superior court in an action brought against petitioner to recover for personal injuries. ■ The Scott case holds that where two tribunals in this state have concurrent jurisdiction to determine jurisdiction, the question of which shall have exclusive jurisdiction shall be determined by the tribunal whose jurisdiction was first invoked, and proceedings in the tribunal whose jurisdiction was subsequently sought will, if not voluntarily stayed, be halted by prohibition until final determination of the jurisdictional question by the tribunal where jurisdiction was first laid. We have concluded that the superior court is precluded from proceeding in the action before it, and that the writ sought by petitioner should issue.

■ The petition for the writ alleges, so far as here material, that on March 29, 1954, one McVey filed with the Industrial Accident Commission an "Application for Hearing" in which he named petitioner as his employer and alleged that McVey was injured on December 31, 1953, and had received compensation in the sum of $169.50. At a commission hearing on November 5, 1954, all parties admitted that on December 31, 1953, McVey was employed by petitioner and sustained compensable injury; issues for hearing were stated; and the matter was continued.

The petition further alleges that on December 28, 1954, McVey filed a superior court action against petitioner, "based on the same alleged accident as set forth in the Industrial Accident Commission proceeding." In the complaint in such action McVey alleges that on December 31, 1953, he was employed by the United States Forestry Service and was injured by the negligence of petitioner. Petitioner answered, alleging as an affirmative defense that the commission has "exclusive jurisdiction over . . . [the subject] matter." Although this plea, if substantiated, would constitute a defense in the superior court it is a defense which, under the Scott case and in view of the prior inception of the commission proceeding, could be finally determined only after the Industrial Accident Commission had ruled on the question. In the meantime, however, it would be incumbent upon the superior court to stay proceedings before it.

On February 23, 1955, at a commission hearing McVey's counsel stated that the above described superior court action

had been filed by McVey against petitioner. On March 2, 1955, the commission ordered that the matter go off calendar subject to being reset, after notice, upon request of any party.

Subsequent to the filing, on May 29, 1956, of the verified petition for the writ, which was served on the respondent court on May 25, 1956, and prior to the date this court issued the alternative writ (August 10, 1956), a pretrial hearing was held in the superior court action. Instead of ordering that the action abate until the Industrial Accident Commission had determined the question of jurisdiction as between the two tribunals, the superior court ordered the case set for trial on the merits for September 4, 1956. Thereafter McVey filed an answer to the petition for the writ, admitting that the superior court action arises out of the same accident as that involved in the commission proceedings and alleging that his employer at the time was the United States Forestry Service. Also, respondent superior court has filed a return herein alleging that after the pretrial hearing petitioner moved the court "to proceed to trial before the trial of any other issues on the affirmative defense" that exclusive jurisdiction over the subject matter is in the commission, and that the motion was denied; that other than such motion petitioner has instituted no proceeding of any kind in the superior court to dismiss or abate the action upon the ground that the court lacked jurisdiction by reason of pendency of the commission proceeding; that the facts concerning the commission proceeding "were never brought to the attention of respondent Court by affidavit or otherwise." The return, however, does not disclose the substance of the proceedings at the pretrial conference or how the facts pertinent to the jurisdictional issue could have escaped the attention of the court at such conference. The issue was raised by the affirmative defense. We must presume that the pleadings were before the court. The affidavit of the process server shows that a copy of the verified petition for the writ was left with the presiding judge of the superior court on May 25, 1956. The respondent court is charged with knowledge of the issues so raised and of the sworn averments in the petition. We think also that the most elementary of inquiries at the pretrial hearing should have disclosed that the facts as to prior commencement of the Industrial Accident Commission proceeding were not disputed. (In truth, it appears from the answer of the real party in interest, McVey, also served on the superior court, that he admits the essential allegations of the petition.)

Notwithstanding the facts before it the court ordered the case to trial on the merits and subsequently denied a motion to consider the affirmative defense before the other issues.

It is apparent from the above recited matters that McVey first invoked the jurisdiction of the commission and thereafter sought that of the superior court to adjudicate his claims as to the same injury, and that the question as to which tribunal has jurisdiction over the subject matter of the injury depends upon whether McVey was injured within an employment relationship with petitioner. Therefore, under the holding of *Scott* v. *Industrial Acc. Com.* (1956), *supra,* 46 Cal.2d 76, the superior court should not try the case until the commission has made a final determination of the issue as to whether it or the court has jurisdiction to proceed; i.e., as to whether McVey's alleged injuries are covered by the workmen's compensation laws so far as concerns his claims against petitioner. Meanwhile, the commission should proceed to a determination of such issue. Its adjudication, when final, will be conclusive on all parties.

We note that respondent court suggests in the points and authorities accompanying its return that "Had the question been properly presented respondent court might have determined that it lacked jurisdiction of the action" and that "The case of *Scott* v. *Industrial Accident Commission* . . . would seem to be controlling upon the facts alleged in the petition herein, and the Superior Court action should abate by reason of the prior application to the Industrial Accident Commission."

Although it would have been better practice for petitioner to have expressly moved in the superior court that that court abate all proceedings in the McVey action until the jurisdictional issue had been determined by the Industrial Accident Commission, and to have specifically alleged all pertinent facts as to the inception and pendency of the commission proceeding, we conclude that the pleadings, papers and proceedings which were before the court at the times here involved were sufficient to bring all essential facts to its attention and to require it to stay further proceedings in the McVey action, pending further action by the Industrial Accident Commission, rather than to order the case to trial.

Let the peremptory writ issue as prayed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Spence, J., and McComb, J., concurred.