The STATE OF MONTANA upon relation of JOHN U. BROESDER, Relator, v. The INDUSTRIAL ACCIDENT BOARD of the STATE OF MONTANA and the DISTRICT COURT of the TWELFTH JUDICIAL DISTRICT of the STATE OF MONTANA, in and for the COUNTY OF HILL, Respondents.

No. 11776.
Decided Nov. 17, 1969.
461 P.2d 456.

Cresap S. McCracken and Douglas Allen, argued, Great Falls, for relator.

Smith, Emmons & Baillie, Great Falls, Robert J. Emmons, argued, Great Falls, L. V. Harris, argued, Helena, for respondents.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an original proceeding. The relator is plaintiff in civil action #13592 in the district court of the twelfth judicial district in Hill County entitled John U. Broesder, plaintiff v. Duty & Jones Construction Co., a Montana corporation, defendant.

On ex parte application, this Court issued an alternative order to show cause directing—the Industrial Accident Board, hereinafter referred to as IAB, to desist from further proceedings; the district court of the twelfth judicial district to desist from further proceedings; the addition of Duty & Jones Construction Co. as a respondent; the district court to show cause why it should not proceed with the civil action.

On the return day all parties appeared. The details of their separate appearances are unimportant to the issues presented. Hereinafter the respondents shall collectively be referred to as Duty & Jones, since its position is the crucial or determinative one.

Relator, John U. Broesder, was injured by electric burning on May 23, 1967. His employer, Hill County Electric Co-operative, Inc., filed Employer's First Report of Injury the following day. Relator, in August, filed a claim for compensation before

the IAB, one of respondents here. The employer was covered under Plan 3. Relator has been paid benefits under his claim.

On February 13, 1969, relator brought a third-party suit against Duty & Jones for damages for injuries alleged to have been caused by negligence of Duty & Jones.

Relator was a twenty year employee of Hill County Electric Co-op, working as a lineman. In his area, south of Big Sandy, the Co-op hired Duty & Jones to do a conversion job on its power line. At that location, Duty & Jones had in its employ a foreman and three crewmen and had, through these men, taken temporary control of the electric power line. Relator arrived at the scene of Duty & Jone's activities to perform certain repair work on the same electric line. He inquired whether the line was energized, was told it was not, and proceeded to do his work, which he completed.

Relator then came back by the Duty & Jones crew. At that time he was asked by the Duty & Jones foreman to assist in making a splice being done by Duty & Jones. He did so and was injured by electric shock and burning.

Following the filing of relator's action against Duty & Jones on February 13, 1969, a pretrial hearing was had on September 8, 1969. At the pretrial hearing Duty & Jones was allowed to amend its answer to plead that workmen's compensation was an exclusive remedy; and, that relator was an employee of Duty & Jones. On September 18 trial was set for November 3, 1969.

On September 25, after trial date in the district court was set, Duty & Jones "busied itself" by filing a petition before the IAB and filed a Employer's First Report of Injury. The petition sought a determination by the IAB as to who was relator's employer at the date of the accident on May 23, 1967, some 28 months previously. On October 10, 1969, the IAB in a letter to Duty & Jones declined jurisdiction because the question was of "controlling importance in connection with the pending litigation." Shortly thereafter, at the request of counsel for Duty & Jones, the IAB granted a hearing on the issue and set the

hearing date for November 4, the day after the trial was to commence in district court.

Next, Duty & Jones moved to vacate the trial setting urging that the IAB had exclusive jurisdiction to determine whether or not the relationship of employer-employee existed between relator and Duty & Jones at the time of the injury. The district court vacated the trial setting.

Following this, relator made application to this Court for original jurisdiction. The question presented here is whether, under circumstances such as these, the jurisdiction is in the IAB or in the district court. We keep in mind the circumstances here, that but one defense in a third-party action is to be segregated for trial, as it were, by an administrative board rather than a court.

First section 92-204, R.C.M.1947, provides specifically for third-party actions when an injury is "* * * caused by the act or omission of some persons or corporations other than his employer, * * *". In the instant case relator's employer was the Hill County Co-op, and the employer filed its report of accident. Unless the brief volunteer help requested by the Duty & Jones foreman and done by relator changed relator's employment status from Hill County Co-op to Duty & Jones, as the employer, relator had a right to a third-party action.

Secondly, section 92-821, R.C.M.1947, provides:

"92-821. *Jurisdiction of board to hear disputes and controversies.* All proceedings to determine disputes or controversies arising under this act shall be instituted before the board, and not elsewhere, and heard and determined by them, except as otherwise in this act provided, and the board is hereby vested with full power, authority, and jurisdiction to try and finally determine all such matters, subject only to review in the manner and within the time in this act provided."

It is seen that, taken literally, exclusive jurisdiction is in the board in a dispute on employer-employee status. In Profit v. J. G. Watts Const. Co., 140 Mont. 265, 370 P.2d 878, this Court

held that an employer is entitled to a hearing. In the Profitt case, Profitt filed a claim for benefits. The employer had not filed a report of injury and until the claim was filed, knew nothing of it. Upon learning of the claim, the employer filed a report and asked for a hearing. Profitt then attempted to withdraw his claim so that he could seek damages in a civil action against his employer. The IAB allowed Profitt to withdraw as a claimant. The order was appealed by the employer. We held on appeal that where resort to the board was had in the first instance, the IAB had jurisdiction.

Duty & Jones attempts to rely on the Profitt case by arguing that since relator filed a claim, resort was had to the IAB in the first instance. But, Duty & Jones did not claim to be the employer until 28 months after the injury. It had never pay-rolled relator, it failed to file an employer's report of injury although through its foreman it had full knowledge of the injury. It obviously by its action, or inaction, did not then consider itself to be relator's employer. As tacitly admitted during oral argument, counsel's imagination or ingenuity during pretrial conference brought forth a new defense of "exclusive remedy." Thus, here, the IAB insofar as Duty & Jones is concerned, did not have first claim in time, as we discussed in the Profitt case.

Duty & Jones further relies on Taylor v. Superior Court, 47 Cal.2d 148, 301 P.2d 866, which case was cited with approval in Profitt. In that case the claimant McVey filed a claim with the Industrial Accident Commission naming Taylor as employer. At a hearing all parties admitted McVey was employed by Taylor at the date of the accident. After the claim was filed, McVey filed a damage action against Taylor alleging that the U.S. Forest Service was his employer. Taylor asserted the defense of exclusive jurisdiction in the Industrial Accident Commission but nonetheless the Superior Court of California went ahead. A writ of prohibition was granted on the grounds that since McVey first invoked the jurisdiction of the Industrial

Accident Commission, it had jurisdiction to final determination. Again, insofar as Duty & Jones is concerned in the instant case, it did not invoke the jurisdiction of the IAB until long after, 28 months, the injury and its own participation in the incident, wherein the injury occurred.

Duty & Jones, in its brief, argues that, "Relator may contend the District Court action was filed against Duty & Jones before Duty & Jones filed an Employer's Report of Accident. If this reasoning were followed, then any lawsuit filed against an alleged third party *before* the third party was aware of its rights under the Act would be barred from any hearing before the Board."

Indeed, here the third party—Duty & Jones—had full knowledge of the injury. If the relationship of employer existed, it not only had a right, it had a statutory duty to file a report of injury. (Section 92-808, R.C.M.1947.) Under the circumstances of this case, Duty & Jones did not timely invoke the jurisdiction of the IAB; jurisdiction here is in the district court as to the defense of "exclusive remedy." At this stage of the proceedings, the lawsuit cannot be divided into pieces in other forums.

In its argument, Duty & Jones puts emphasis on testimony in depositions that relator was doing work not contemplated by his regular employer, Hill County-Co-op, when he volunteered to help the Duty & Jones crew. Duty & Jones also emphasizes that no notice of a claim for compensation was given it. Perhaps these matters may be important to support the defense advanced, but they are not important to determine the jurisdictional question presented. As to the notice, what we have said heretofore about the duty of the employer to make a report of injury answers the problem. Duty & Jones had full and complete knowledge of the injury.

We have chosen not to discuss cases cited from other jurisdictions in both briefs. We have confined our holding to the facts and circumstances of this case. Accordingly, let a per-

emptory writ issue directing the district court and the Industrial Accident Board to proceed in accordance with this opinion.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES HASWELL and JOHN C. HARRISON, concur.