[L.A. No. 30195. In Bank. Aug. 22, 1974.]

ORBIE DALE ELKINS, Plaintiff and Appellant, v.
TED DERBY et al., Defendants and Respondents.

COUNSEL

Donald W. Haynes and Haynes & Olpin for Plaintiff and Appellant.

Joe M. Agapay, Jr., for Defendants and Respondents.

OPINION

**TOBRINER, J.**—We confront in this case a matter of first impression concerning whether the statute of limitations on a plaintiff's personal injury action is tolled for the period during which he pursues his workmen's compensation remedy against defendant. In the instant case, the plaintiff, injured while working on defendants' premises, reasonably and in good faith filed a timely claim for benefits with the Workmen's Compensation Appeals Board. After several months of adjudication, the board decided that plaintiff had not been an "employee" at the time of his injury because he had not received compensation for his services; the board thus concluded that plaintiff was not entitled to benefits. Shortly after the WCAB decision became final, plaintiff filed the present civil action seeking recovery for the same injuries which prompted his compensation claim. Because that action was not filed within a year of the injury, the superior court held it barred by the applicable statute of limitations.

Although defendants point out that plaintiff could have preserved his rights despite the statute of limitations by simultaneously commencing a civil action and a compensation claim, we believe that the statute may properly be tolled for the period during which plaintiff pursued his compensation remedy. As we explain below, an awkward duplication of procedures is not necessary to serve the fundamental purpose of the limitations statute, which is to insure timely notice to an adverse party so that he can assemble a defense when the facts are still fresh. The filing of a compensation claim accomplishes this purpose and the tolling of the statute does not frustrate it. Moreover, nothing in the cases forecloses a rule that the statute is tolled during the pendency of compensation proceedings; indeed, the pertinent authorities support such a rule.

Defendants' suggested duplicative procedures would impose a heavy burden on all concerned. Such procedures would entail the filing of cases in our heavily burdened superior courts that would be mooted whenever the board decided it had jurisdiction to grant relief. Such procedures also would impose upon the claimant the burden of alleging contradictory

pleas, for example, that he both was and was not an employee at the time of his injury or that his injury both did and did not arise from the course of his employment. Although the workmen's compensation system seeks to establish a nontechnical means to recover for industrial injuries, a dual filing requirement presupposes a professional knowledge without which the worker would forfeit all right to recover.

The principal facts of the present case are these. Plaintiff Elkins alleges that he sustained a serious injury to his right arm when attacked on September 8, 1969, by a performing timber wolf at defendants' business, "Animal Kingdom." On July 13, 1970, in good faith and well within the one-year limitations period prescribed both for tort actions (Code Civ. Proc., §§ 335, 340, subd. 3) and workmen's compensation claims (Lab. Code, § 5405), Elkins filed an application for workmen's compensation benefits against defendants. The workmen's compensation referee on October 15, 1970, determined that Elkins had not been an "employee" at the time of his injury and therefore was not entitled to benefits. (See Lab. Code, §§ 3351 et seq., 3600.) The referee's decision became final in mid-December 1970. (See Lab. Code, § 5900, subd. (b). See generally *Argonaut Ins. Exchange* v. *Industrial Acc. Com.* (1958) 49 Cal.2d 706, 710-711 [321 P.2d 460]; *United States Pipe & Foundry Co.* v. *Industrial Acc. Com.* (1962) 201 Cal.App.2d 545 [20 Cal.Rptr. 395].)

Approximately one month later, on January 19, 1971, Elkins filed the present personal injury action seeking recovery for the same injury which served as the basis for his workmen's compensation claim. The trial court sustained defendants' demurrer on the ground that the action was barred by the applicable statute of limitations (Code Civ. Proc., §§ 335, 340, subd. 3), since it had not been filed within one year of the date of injury. Plaintiff urges that we hold that the running of the limitations period on his tort action was suspended from July 13, 1970, the date he initiated his compensation claim to mid-December 1970, when the referee's decision became final.[1]

---

[1]Plaintiff suffered injury in September 1969; the one-year period expired in September 1970. Hence, there remained after plaintiff filed for compensation in July 1970, approximately two months in which to file a civil action. If the limitations period were tolled from the date of application for compensation to the date the referee's decision became final, there remained the period until mid-February 1971, for plaintiff to file his tort action or approximately one month beyond the date on which he actually filed.

There can be little doubt that a tolling rule must suspend the running of the limitations period through the date on which the final compensation decision becomes final rather than the date on which the first compensation decision is filed. (See *Myers* v. *County of Orange* (1970) 6 Cal.App.3d 626, 634-635 [86 Cal.Rptr. 198];

■ Our analysis begins with the case law. It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding. (*Dillon v. Board of Pension Commrs.* (1941) 18 Cal. 2d 427, 430-431 [116 P.2d 37, 136 A.L.R. 800]; see also *Lerner v. Los Angeles City Board of Education* (1963) 59 Cal.2d 382, 391 [29 Cal. Rptr. 657, 380 P.2d 97]; *Skaggs v. City of Los Angeles* (1954) 43 Cal.2d 497, 500 [275 P.2d 9]; cf. Code Civ. Proc., § 356; 51 Am.Jur.2d, Limitations of Actions, § 170, p. 740.) Defendants urge us to distinguish the present case on the ground that plaintiff Elkins was not required to seek workmen's compensation as a prerequisite to his filing a civil action but rather could immediately have initiated a tort action or have pursued his compensation and tort remedies simultaneously. (See generally *Taylor v. Superior Court* (1956) 47 Cal.2d 148 [301 P.2d 866]; *Scott v. Industrial Acc. Com.* (1956) 46 Cal.2d 76 [293 P.2d 18].)

Defendants' proposed basis for distinction, however, ignores a line of relatively recent California cases which points toward the principle that regardless of whether the exhaustion of one remedy is a prerequisite to the pursuit of another, if the defendant is not prejudiced thereby, the running of the limitations period is tolled "[w]hen an injured person has several legal remedies and, reasonably and in good faith, pursues one." (*Myers v. County of Orange* (1970) 6 Cal.App.3d 626, 634 [86 Cal. Rptr. 198]; quoted with approval in *Campbell v. Graham-Armstrong* (1973) 9 Cal.3d 482, 490 [107 Cal.Rptr. 777, 509 P.2d 689]; *Anderson v. City of Los Angeles* (1973) 30 Cal.App.3d 219, 226 [106 Cal.Rptr. 299].)

In the most recent of these cases, *Campbell v. Graham-Armstrong*, *supra*, plaintiffs sought a writ of mandate to compel back payment of salaries for those years during which they claimed to have been improperly classified as part-time rather than full-time teachers. Defendants urged that the relevant limitations period had expired on this claim, but we indicated that if plaintiffs had raised the issue at trial, the running of the limitations period would have been suspended while plaintiffs pursued their administrative remedy with the school board, provided that their pursuit of that remedy had been reasonable and in good faith. (*Campbell*

---

*Lee C. Hess Co. v. City of Susanville* (1959) 176 Cal.App.2d 594, 598 [1 Cal.Rptr. 586]. Cf. *County of Santa Clara v. Hayes Co.* (1954) 43 Cal.2d 615, 619 [275 P.2d 456]; *Record Machine & Tool Co. v. Pageman Holding Corp.* (1959) 172 Cal.App. 2d 164, 175 [342 P.2d 402].)

v. *Graham-Armstrong, supra,* at p. 490.) Our analysis rested principally upon two prior decisions of this court, *Tu-Vu Drive-In Corp.* v. *Davies* (1967) 66 Cal.2d 435 [58 Cal.Rptr. 105, 426 P.2d 505], and *County of Santa Clara* v. *Hayes Co.* (1954) 43 Cal.2d 615 [275 P.2d 456].

In *Tu-Vu, supra,* personal property of a corporate plaintiff had been wrongfully seized under a writ of execution issued in an earlier action to which plaintiff had not been a party. Although free to initiate a separate action for this wrong immediately, plaintiff chose instead to file a third-party claim and in this manner succeeded in securing the release of its property. It later filed a separate action to recover damages to its reputation flowing from the unlawful detention of the property, and we held that the running of the limitations period had been tolled during the pendency of the third-party claim.

*County of Santa Clara* v. *Hayes Co., supra,* concerned a newspaper which had made errors in publishing a proposed county charter which errors went unnoticed until after voters had approved the charter. The county could immediately have instituted a damage action but instead presented the charter to the Legislature for approval, hoping that the errors were insufficient to necessitate the charter's invalidation. Although the Legislature approved the charter, the court subsequently invalidated it in a *quo warranto* proceeding. The county thereafter sued the newspaper for damages, and this court held that the running of the limitations period had been tolled from the date the charter had first been considered effective to the date it had been judicially invalidated. The court concluded that the county's submission of the document to the Legislature had been a reasonable formal response to the publication problem and that it would have been "anomalous" (*County of Santa Clara, supra,* at p. 619) to penalize the county for proceeding as it had.

Two Courts of Appeal have recently adopted a similar approach. In *Myers* v. *County of Orange, supra,* a widow brought an action against the county for her husband's wrongful discharge from his job; earlier, the woman had failed to obtain through administrative channels a declaration of reinstatement in order that she might receive death benefits. The Court of Appeal assumed that the plaintiff need not have exhausted her administrative remedies as a prerequisite to her seeking judicial relief, but it nevertheless declared that the running of the relevant one-year claim period had been tolled during the pendency of the administrative proceeding.[2] Finally

---

[2]The *Myers* court noted that the purpose of the one-year claim period was to enable defendants to "make an early investigation of the facts and to enable [them]

in *Anderson v. City of Los Angeles, supra,* a Court of Appeal in a proceeding for disability retirement benefits suspended the running of this same claim period while the claimant challenged the validity of his employment discharge.[3]

to decide whether [a] problem call[ed] for litigation or settlement." (*Myers* v. *County of Orange, supra,* at p. 637.) The court apparently was convinced that tolling the running of the period would not jeopardize fulfillment of this purpose.

Admittedly, the *Myers* court apparently was also impressed by the fact that the plaintiff in that case was uncertain whether the doctrine of necessary exhaustion of administrative remedies applied to her situation. (*Myers* v. *County of Orange, supra,* at p. 635.) By contrast, in the present case plaintiff undoubtedly could have initiated a tort action before the date of the rejection of his claim for workmen's compensation. The *Myers* court noted, moreover, that the plaintiff in that case faced the choice of instituting either an administrative or judicial action. (*Id.*) It apparently assumed that she could not have initiated both actions simultaneously, and it determined, therefore, that she should not " 'be placed in the dilemma of awaiting 'jurisdictional' decisions . . . [of one tribunal] . . . while the clock of limitations tick[ed] in [her] ears.' " (*Myers* v. *County of Orange, supra,* at p. 636 (first set of brackets in original), quoting *A. Teichert & Son, Inc.* v. *State of Cal.* (1965) 238 Cal.App. 2d 736, 751 [48 Cal.Rptr. 225].) It has long been established in cases similar to the present one, by contrast, that a person is entitled to commence compensation and tort proceedings simultaneously. (*Freire* v. *Matson Navigation Co.* (1941) 19 Cal.2d 8, 10 [118 P.2d 809].) *Myers* is supportive of our holding, however, to the extent that it reflects judicial sympathy for the plight of parties unsure of their remedies, see pages 16-17, *infra,* who have promptly initiated a proceeding with the result that their adversaries have had ample opportunity to locate and gather evidence.

[3]Although none of the cases discussed in text involved workmen's compensation matters, defendants admit that no California Supreme Court case holds that the filing of a workmen's compensation claim does not toll the running of the limitations period on an injured party's tort action. Language in *Freire* v. *Matson Navigation Co.* (1941) 19 Cal.2d 8, 10 [118 P.2d 809], does suggest that the interests of an injured party are sufficiently protected because he can initiate simultaneous compensation and civil proceedings but that language unquestionably is dictum.

*Freire* was a tort action brought by an employee who was struck by an automobile as he reported for work. This court held that the employee had sustained injury in the course of his employment and was therefore limited solely to his workmen's compensation remedy. The court did not have before it the statute of limitations issue and mentioned the matter only in passing.

We have discovered only two Court of Appeal cases which treat issues similar to the one presently before us. In one, the vintage decision *Anderson* v. *National Ice & Cold Storage Co.* (1919) 41 Cal.App. 649 [183 P. 273], the plaintiff commenced a proceeding before the Industrial Accident Commission after the death of her husband and obtained an award which this court on a writ of certiorari subsequently annulled. (*Casualty Co. of America* v. *Industrial Acc. Com.* (1917) 176 Cal. 530 [169 P. 76].) Plaintiff then commenced a civil action. The Court of Appeal upheld the trial court's sustentation of a demurrer on the ground that the limitations period had expired. Plaintiff had argued that she was entitled to proceed with her action by virtue of Code of Civil Procedure section 355, which declared and still provides that "[i]f an action is commenced within the time prescribed therefor, and a judgment therein for the plaintiff [is] reversed on appeal, the plaintiff . . . may commence a new action within one year after the reversal." Apparently impressed

In addition to the supportive case law, persuasive policy considerations also reinforce our holding. Foremost among these considerations is our belief that the suspension of the running of the limitations period in this and similar cases will not frustrate achievement of the limitations statute's primary purpose. **(3)** That purpose, in the oft-quoted words of Justice Holmes, is to "[prevent] surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared."[4] (*Telegraphers* v. *Ry. Express Agency* (1944) 321 U.S. 342, 348-349 [88 L.Ed. 788, 792, 64 S.Ct. 582]. See *Burnett* v. *New York Central R. Co.* (1965) 380 U.S. 424, 428 [13 L.Ed.2d 941, 945, 85 S.Ct. 1050]; *Pashley* v. *Pacific Elec. Ry. Co.* (1944) 25 Cal.2d 226, 229 [153 P.2d 325]; *California Savings & Loan Society* v. *Culver* (1899) 127 Cal. 107, 110 [59 P. 292]; *Harrison* v. *Englebrick* (1967) 254 Cal.App.2d 871, 875 [62 Cal.Rptr. 831]; *Developments in the Law— Statutes of Limitations* (1950) 63 Harv.L.Rev. 1177, 1185 [hereinafter cited as *Developments*].)

Defendants' interest in being promptly apprised of claims against them in order that they may gather and preserve evidence is fully satisfied when

by labels and feeling constrained by a 1905 Court of Appeal decision (*Fay* v. *Costa*, 2 Cal.App. 241 [83 P. 275]), the *Anderson* court held that a supreme court "annulment" of a workmen's compensation award was not a "revers[al] on appeal" within the meaning of section 355.

A Court of Appeal recently cast doubt upon *Anderson's* strict construction of section 355 (*Schneider* v. *Schimmels* (1967) 256 Cal.App.2d 366, 370-371 [64 Cal. Rptr. 273]) in light of our opinion in *Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399 [154 P.2d 399], and in view of the fact that the primary purpose of the statute of limitations is normally satisfied when the defendant receives timely notification of the first of two proceedings. (See pp. 417-419, *post*.)

In the more recent case of *Mock* v. *Santa Monica Hospital* (1960) 187 Cal.App. 2d 57, 66-67 [9 Cal.Rptr. 555], the plaintiff was unable to persuade a Court of Appeal that a compensation proceeding she initiated before the Industrial Accident Commission following an industrial injury tolled the running of the limitations period on her subsequent medical malpractice action *against her doctors* for *further injuries* sustained in the course of treatment for her original injury.

[4]Moreover, suspending the running of the limitations period in cases similar to the present one often will not affect fulfillment of the subsidiary aim of the statute of limitations promptly to resolve disputes in order that commercial and other activities can continue unencumbered by the threat of litigation. (See generally *Pearson* v. *Northeast Airlines, Inc.* (2d Cir. 1962) 309 F.2d 553, 559, fn. 13 [92 A.L.R.2d 1162], cert. den., 372 U.S. 912 [9 L.Ed.2d 720, 83 S.Ct. 726]; *Developments in the Law—Statutes of Limitations* (1950) 63 Harv.L.Rev. 1177, 1185.) For even without a tolling rule, the progress of a civil action filed after the initiation of a compensation claim normally ceases during the pendency of the compensation claim. (*Taylor* v. *Superior Court* (1956) 47 Cal.2d 148 [301 P.2d 866]; *Scott* v. *Industrial Acc. Com.* (1956) 46 Cal.2d 76 [293 P.2d 18].) With or without a tolling rule, a tort action filed after a compensation application will not move ahead, therefore, until a claimant has been denied benefits by the compensation board.

prospective tort plaintiffs file compensation claims within one year of the date of their injuries.[5] To be sure, an employer notified of a compensation claim may fail to gather evidence of fault, and such evidence could prove critical in a subsequent tort action. (Cf. *Developments* at p. 1242.)[6] The likelihood, however, that the employer will suffer prejudice if the compensation claimant files a tort action more than one year after the date of injury is minimal. After the filing of a compensation claim, the employer can identify and locate persons with knowledge of the events or circumstances causing the injury. By doing so, he takes the critical steps necessary to preserve evidence respecting fault. Although he may choose not to gather evidence bearing on fault from these parties when faced only with a compensation claim, he will be able in most instances to recontact these people, particularly if they are continuing employees, for further evidentiary contributions should a controversy as to fault later arise in a tort action.

Furthermore, an employer who suspects that the facts underlying a compensation claim fall near the elusive boundary that separates the claimant's mutually exclusive compensation and tort remedies may well choose to obtain evidence of fault immediately upon the filing of a compensation application even though no court action has yet been initiated. Regardless of whether we recognize a tolling rule, such an employer cannot assume that the claimant will fail to file a timely tort action. He thus may elect to gather evidence of fault immediately in order to save himself the trouble later. Moreover, he may find it necessary to assemble evidence respecting fault for use in the workmen's compensation proceeding, since Labor Code section 4553 prescribes increased awards "where the employee is injured by reason of the serious and willful misconduct of . . . [t]he employer."

We note also that this and other courts as well as legislatures have liberally applied tolling rules or their functional equivalents to situations in which the plaintiff has satisfied the notification purpose of a limitations statute. There is, for example, the rule "relating back" an amended complaint to the date the original complaint was filed provided that recovery is still sought upon the same general set of facts that underlay the original complaint.[7] (See, e.g., *Wennerholm* v. *Stanford Univ. Sch. of Med.* (1942)

---

[5] Since the relevant limitations period for filing compensation and tort claims often is identical, a timely compensation application normally cannot be filed beyond the running of the limitations period for the tort action.

[6] In the case at bar, in any event, plaintiff has founded his tort action solely upon a strict liability theory.

[7] The relation-back rule does not function only when the amended complaint contains no new theories of liability which might necessitate the adduction of evidence irrelevant to the issues raised by the original complaint. (See, e.g., *Wennerholm* v.

20 Cal.2d 713, 718 [128 P.2d 522, 141 A.L.R. 1358]. See also *New York Central & H. R. R. R. Co.* v. *Kinney* (1922) 260 U.S. 340, 346 [67 L.Ed. 294, 296, 43 S.Ct. 122]; Fed. Rules of Civ. Proc., rule 15(c); *Developments* at pp. 1241-1242.) Then too, a variety of rules suspends the running of the limitations period with respect to a second action during the pendency of a first action found to be procedurally defective. (See, e.g., *Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399 [154 P.2d 399]; *Schneider* v. *Schimmels* (1967) 256 Cal.App.2d 366 [64 Cal.Rptr. 273]; Code Civ. Proc., § 355; 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, § 385, pp. 1219-1220. See also *Burnett* v. *New York Central R. Co.* (1965) 380 U.S. 424 [13 L.Ed.2d 941, 85 S.Ct. 1050]; *Gaines* v. *City of New York* (1915) 215 N.Y. 533 [109 N.E. 594] (Cardozo, J.); *Developments* at pp. 1243-1244; Davis, *Tort Liability and the Statutes of Limitation* (1968) 33 Mo.L.Rev. 171, 200-204.)

Nor can we overlook the inequity that a duplicative filing requirement might work upon an injured party. The workmen's compensation system, after all, was intended to afford a simple and nontechnical path to relief. (1 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1973) § 4.01[1], pp. 4-2 to 4-3. Cf. Cal. Const., art. XX, § 21; Lab. Code, § 3201.) The system affords means by which an employee may learn about his rights informally and without an attorney. (See 1 Hanna, *supra*, at § 4.02[1-5], pp. 4-4 to 4-6.) Unaware, under such circumstances, that he may be entitled to a remedy only in superior court or overwhelmed by seemingly inscrutable distinctions between "employees" and "independent contractors" or injuries arising within and without "the course of employment," an injured party can easily lose his tort remedy while devoting his attention to pursuing a compensation claim. (Cf. *id.*, at § 3.01[3], pp. 3-5 to 3-7.)[8] The tolling of the statute during the pendency of the compensation claim does much to eliminate this trap—and without unfairly prejudicing the employer.

---

*Stanford Univ. Sch. of Med., supra*, at p. 718.) In the context of amending complaints, therefore, it has been felt that a defendant is not prejudiced when a plaintiff changes the theory of his action after the running of the limitations period in a manner requiring the defendant to gather additional evidence.

[8]The multiplicity of problems that arises in determining whether an applicant is an employee is so extensive and the doubt as to the answers so compelling that the conscientious attorney, absent a tolling rule, would be induced in numerous cases to file in both tribunals. To plaintiff's contention at oral argument that compensation attorneys, handling hundreds of cases annually, would be required, under the rule defendants advocate, to file multitudes of cases before two tribunals, defendants offered no persuasive rebuttal.

Moreover, duplicative proceedings are surely inefficient, awkward and laborious. If, in order to avert loss of his rights, an injured party is forced to initiate proceedings with both the compensation board and a superior court, he brings onerous procedural burdens upon himself, his employer, and the already overtaxed judicial system. Such additional resource investments go for nought whenever the compensation board concludes that the injured party is entitled to relief.

Procedural rules should engender smooth and functional adjudication. A procedural practice is neither sacred nor immutable.[9] It must be able to withstand the charge that it is inequitable, burdensome or dysfunctional. We think duplicative filing succumbs to all three charges. We also believe that respect for our legal system—a respect which is absolutely essential to its effective functioning—is hardly enhanced by an incongruent procedural structure which causes an injured party simultaneously to allege before different tribunals propositions which are mutually inconsistent. Absent a tolling rule, this is precisely the strategy to which a party unsure of his remedy must resort in order to protect his right to recovery.

For the reasons stated, we reverse the judgment and remand the cause to the superior court for proceedings consistent with this opinion.

Wright, C. J., McComb, J., Mosk, J., Burke, J., Sullivan, J., and Clark, J., concurred.

---

[9] "[The Supreme Court of California] is not powerless to formulate rules of procedure where justice demands it. Indeed, it has shown itself ready to adopt rules of procedure to serve the ends of justice where technical forfeitures would unjustifiably prevent a trial on the merits." (*Bollinger* v. *National Fire Ins. Co.* (1944) 25 Cal.2d 399, 410 [154 P.2d 399]. See generally *Wennerholm* v. *Stanford Univ. Sch. of Med.* (1942) 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358]; *Christin* v. *Superior Court* (1937) 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]; *Tuller* v. *Superior Court* (1932) 215 Cal. 352 [10 P.2d 43]; *Morris Plan Co.* v. *State of California* (1946) 72 Cal.App.2d 415, 422-423 [166 P.2d 627]; cf. Note, *State Statutes of Limitations in Federal Courts: By Whom Is the Statute Tolled?* 1971 Duke L.J. 785, 799-800.)