**SIMI VALLEY HOSPITAL AND HEALTH CARE SERVICES, a non-profit corporation, Plaintiff—Appellant,**

v.

**Diana BONTA, Director of the State Department of Health Care Services, State of California, Defendant—Appellee.**

No. 01–56002.
D.C. No. CV–10271–CAS (CT).

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2002.*

Decided June 11, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, RYMER, and THOMAS, Circuit Judges.

### MEMORANDUM**

Simi Valley Hospital sued the California State Department of Health Services (DHS) under 28 U.S.C. § 1983 for allegedly violating federal Medicaid law in its 1997 audit of Simi's billing practices. The district court dismissed Simi's case as time-barred, and we affirm.

The limitations period was not tolled while Simi challenged DHS's 1995 and 1996 audits. DHS's 1995 and 1996 audits do not arise out of the same transaction as its 1997 audit; DHS considers each year's audit to be a separate decision and relies on different sets of documents for each audit. Because DHS's issuance of Simi's 1997 audit is a separate transaction, DHS did not have adequate notice that Simi's appeal of the 1995 and 1996 decisions would result in a § 1983 challenge to the 1997 decision. And DHS was prejudiced by Simi's delay because it had no incentive to gather and preserve the separate set of documents that were the foundation of its 1997 audit. Finally, Simi did not act reasonably in waiting until the 1995 and 1996 audits were resolved until filing its § 1983 claim. Indeed, a recent settlement of Simi's challenges to the 1995 and 1996 audits has had no impact on DHS's 1997 audit decision. In these circumstances there is no basis for equitable tolling. *See Daviton v. Columbia/HCA Healthcare Corp.,* 241 F.3d 1131, 1137 (9th Cir.2001)

(en banc); *Elkins v. Derby,* 12 Cal.3d 410, 414, 115 Cal.Rptr. 641, 525 P.2d 81 (1974).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

