**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENTHA MCDOWELL, | No. 19-55867 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-00086-JVS-MRW |
| v. | |
| ROBERT W. FOX, Warden, California Medical Facility; D. ARTIS, Captain; CHIEF MEDICAL OFFICER; NICKOLAS LIND, Dr.; DAVID LONG, Assistant Warden, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted October 8, 2020**
Pasadena, California

Before: M. SMITH and LEE, Circuit Judges, and CARDONE,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

Kentha McDowell asks this court to reverse the dismissal of his Section 1983 claims alleging that various prison officials violated his Eighth Amendment rights. 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1331, and we affirm.

1. McDowell first alleges that another inmate punched him in the face, and that several prison officials were deliberately indifferent to this attack. To prevail on an Eighth Amendment deliberate indifference claim, a plaintiff must establish two elements. First, "an inmate must objectively show that he was deprived of something 'sufficiently serious.'" *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Second, the inmate must then "make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." *Id.* (citing *Farmer*, 511 U.S. at 834). For an official to act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

McDowell fails to state a deliberate indifference claim. He alleged that certain prison officials "*should* have known" that his attacker was mentally ill and that this mental illness made it likely that he would attack McDowell. But under *Farmer*, defendants must have actual knowledge. 511 U.S. at 837. And even if the defendants actually knew that McDowell's assailant was mentally ill, he fails to allege that any of the defendants were on notice that this mental illness posed a danger. McDowell

never explains the nature of his attacker's mental illness, nor does he allege that his attacker had a history of violence.

2. McDowell also alleges that certain other prison officials violated his Eighth Amendment right by failing to give him a "heart-healthy" diet. As an initial matter, the statute of limitations bars his claim. A section 1983 claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the claim. *See Pouncil v. Tilton*, 704 F.3d 568, 573–74 (9th Cir. 2012). In California, the relevant limitation period is two years. *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).

The parties agree that McDowell became aware of his heart-related injury by 2008. McDowell may be entitled to two years of tolling based on his imprisonment, *see Jones v. Blanas*, 393 F.3d 918, 927-28 (9th Cir. 2004), as well as eighteen months for time he spent in the administrative grievance process. *See Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005). But even granting these extensions, the statute of limitations ran no later than 2013. McDowell first raised this claim in 2017. The statute of limitations has therefore expired. Equitable tolling is also inappropriate because McDowell had numerous opportunities to file this claim, and, after ten years, there is a substantial risk that "evidence has been lost" and "memories have faded." *See Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d at 1204 (quoting *Elkins v. Derby*, 525 P.2d 81, 86 (Cal. 1974)).

Even on the merits, McDowell fails to state a claim. Although he alleges that the defendants knew about his pre-existing heart condition, he does not allege facts sufficient to show that they knew he required a specific heart healthy diet, much less that failing to provide this diet posed a substantial risk of serious harm to him.

**AFFIRMED.**